IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE L. TOMPKINS,<br>AIS #210699,<br><br>  Plaintiff,<br><br>v.<br><br>SANDRA HAYES, et al.,<br><br>  Defendants | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:06-CV-1106-MEF<br>)       [WO]<br>)<br>)<br>)<br>) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Johnnie L. Tompkins ["Tompkins], a state inmate, complains that the defendants violated his constitutional rights when, for no reason, they terminated his placement in an educational program offered by the Wallace Community College at Easterling Correctional Facility. Specifically, Tompkins contends that defendants Hayes and Wallace Community College subjected him to "discrimination [because he was] not given equal opportunity as other inmates to get a (G.E.D. or Trade)." *Plaintiff's Complaint* at 2.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] This complaint is subject to screening under the 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A.  The Equal Protection Claim

Tompkins contends that the denial of an education deprives him of equal protection because "other inmates" are allowed the opportunity to receive an education. *Plaintiff's Complaint* at 2.  This claim, however, entitles Tompkins to no relief from this court.

In order to set forth a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001).  Additionally, to succeed on an equal protection challenge, the plaintiff must demonstrate the existence of discriminatory intent; arbitrary application of prison rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause.  *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.  Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where the plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Tompkins fails to meet his pleading burden, as he does not allege that the defendants subjected him to adverse treatment based on some constitutionally impermissible reason nor has he identified any other similarly situated inmate who received more favorable treatment from the defendants. In short, Tompkins sets forth no facts to support his allegation of an equal protection violation; rather, he simply makes the conclusory assertion that his removal from the community college resulted from discrimination because other inmates are allowed the opportunity to receive an education. The mere differential treatment of Tompkins and other inmates fails to constitute a violation of Tompkins' equal protection rights. *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Tompkins' claim of discrimination does not rise to the level of an equal protection violation and therefore provides no basis

3

for relief in this 42 U.S.C. § 1983 action. Consequently, this claim is due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. The Due Process Claim

To the extent that the instant complaint can be construed to allege a violation of Tompkins' right to receive an education, he is likewise entitled to no relief. The law is well settled that an inmate has no constitutionally protected interest in trade school or other educational program as the failure to place an inmate in any such program does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Consequently, this claim is meritless as it alleges "infringement of a legal interest which clearly does not exist" for this inmate and is therefore subject to dismissal as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is further

ORDERED that on or before January 3, 2007 the parties may file any objections to the Recommendation. Any objections filed must specifically identify the findings in the

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of December, 2006.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
UNITED STATES MAGISTRATE JUDGE